Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4874 | DATE | 9/5/2000 |
| CASE TITLE | Wilford Mackey #N34375 vs. George DeTella, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this memorandum opinion and order, Mackey's Rule 59(e) motion to alter that judgment of dismissal is granted, but only because dismissal is called for on different grounds. As a result, both Mackey's Complaint and this action remain dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 07 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | ED-7 FILED FOR DOCKETING 00 SEP -5 PM 3:56 | docketing deputy initials | |
| | Mail AO 450 form. | | 9/5/2000 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILFORD MACKEY #N34375,       )
                              )
            Plaintiff,        )
                              )
       v.                     )   No. 00 C 4874
                              )
GEORGE DeTELLA, Warden, et al.,)
                              )
            Defendants.       )

## MEMORANDUM OPINION AND ORDER

Wilford Mackey ("Mackey") has filed a timely motion under Fed. R. Civ. P. ("Rule") 59(e) to overturn this Court's August 11, 2000 dismissal of what Mackey had labeled his 42 U.S.C. §1983 ("Section 1983") Complaint against a number of Illinois Department of Corrections personnel. For the reasons stated in this memorandum opinion and order, Mackey's Rule 59(e) motion to alter that judgment of dismissal is granted, but only because dismissal is called for on different grounds. As a result, both Mackey's Complaint and this action remain dismissed.

As the August 11 opinion said at page 4, this Court's then-stated reason for the dismissal of Mackey's Complaint and this action was the lawsuit's untimeliness under the two-year statute of limitations that applies to all Illinois-based Section 1983 actions--a limitations period borrowed from 735 ILCS 5/13-202. Mackey's current contention is that his action is actually timely because the two year period should be measured from June 2, 1999, the date on which he received a letter from the Illinois

Department of Corrections Administrative Review Board ("Board") that (1) expunged one of the disciplinary reports about which Mackey was complaining, while at the same time (2) reconfirming the Board's June 22, 1998 determination that had upheld the other disciplinary report to which Mackey's administrative grievance related. Although this opinion later explains why Mackey's action is dead in the water even if his contention on that score were to be accepted (a matter with which the August 11 opinion disagreed, but one that need not be explored further because it does not affect the result), a few moments' digression is justified by the interesting (and unresolved) implications of such a situation.

It is surprising, in light of the constantly recurring nature of the issue, that no reported case law in this Circuit-- either from our Court of Appeals or from any District Court--has addressed the question implicit in the situation here: whether the two-year limitations clock begins to tick on the date when a defendant's conduct has deprived a prisoner of his or her constitutional rights,[1] or only on the later date when any efforts by the prisoner to obtain administrative relief have been exhausted. That second alternative might be thought to be

---

[1] It is worth noting in that respect that any relief that might be provided to a prisoner via any available administrative remedies does not supplant or preempt a Section 1983 action, so that the statutory requirement of pursuing the administrative avenue is only a precondition to, and is not a substitute for, a Section 1983 lawsuit (see 42 U.S.C. §1997e(a)).

2

supported by the proposition that any suit filed before the exhaustion of available administrative remedies is subject to dismissal under Rule 12(b)(6) (Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999); Massey v. Helman, 196 F.3d 727, 732-33 (7th Cir. 1999); Massey v. Wheeler, No. 99-2663, 2000 WL 994940, at *2 (7th Cir. July 20)), but just a few minutes' thought confirms that the existence of that principle does not really answer the question.

For one thing, such exhaustion of administrative remedies is an affirmative defense (Massey, 196 F.3d at 735), so that the district court would at least have subject matter jurisdiction over a Section 1983 action that is brought before such exhaustion has taken place (Perez, 182 F.3d at 535). Hence a prisoner could always _file_ a Section 1983 action at any time during the two-year period after the constitutional deprivation has taken place (on the premise that the state actor defendants might fail to raise that affirmative defense, thus permitting the prisoner to remain in court). At least in theory, that prospect would spare the prisoner from the Catch 22 situation in which the two-year limitation period might run out before he or she could even sue on his or her claim, if it were to take that long for the administrative wheels to grind to a halt.

But given the presumed familiarity of all of the Illinois public law offices (the Illinois Attorney General's office, the

3

Cook County State's Attorney's office and the Chicago Corporation Counsel's office) with the caselaw in this area (cases such as <u>Perez</u> and the two <u>Massey</u> decisions), the earlier-identified Catch 22 scenario must be recognized as posing a real threat to the prisoner who is confronted with the demands of both the two-year statute of limitations <u>and</u> the statute requiring the exhaustion of administrative remedies. Even so, there are at least two possible rules of law that might be adopted to avoid that threat:

    1. If the entire period during which administrative remedies were being pursued were held to toll the limitations clock, a prisoner would then have a full two years after conclusion of the administrative proceedings within which to file suit.

    2. Alternatively, the two-year clock could begin to tick when the constitutional deprivation takes place, but with the prisoner being spared the already-described Catch 22 possibility by the judicial assurance that a reasonable period of time would remain <u>after</u> completion of his or her pursuit of administrative remedies within which to file suit--even though that time might run past what would otherwise be the two-year limitations period. That approach, or one closely analogous to it, has been taken for example in the situation where the legislature has shortened a statute of limitations before a plaintiff has brought

4

suit. There the courts have upheld, against any challenge based on retroactivity (see, e.g., Kaplan v. Shure Bros., Inc., 153 F.3d 413, 423 (7th Cir. 1998)(applying Illinois law and citing numerous Illinois cases) and Meyers v. Underwood, Nos. 1-98-4013 and 1-99-504, 2000 WL 828253, at *9-*10 (Ill. App. 1st Dist. June 27) and cases cited there), the application of such a shortened statute of limitations so long as the plaintiff is given a reasonable time after the statute's effective date within which to file suit.[2]

As suggested earlier, however, this just-laid egg will have to be hatched elsewhere. Instead this Court's further hard look at the situation has disclosed that the entire matter should have been disposed of in quite a different way--although Mackey loses in any event.

Even though Mackey has labeled his action as having been brought under Section 1983, this Court has an independent obligation to explore and determine its proper characterization

---

[2] As stated earlier, this Court has not located any reported decision from any court in this Circuit that has spoken to, or has even considered, the issues discussed in the text. One reported decision elsewhere, Harris v. Hegmann, 119 F.3d 153, 158 (5th Cir. 1999), reflects a choice of the first alternative--outright tolling throughout the pursuit of administrative remedies--under the specific provisions of Texas and Louisiana law. Interestingly, the Fifth Circuit (id. at 157 & n.4) differs from our own Court of Appeals as to when administrative remedies must be exhausted: It holds that if (like Mackey) a prisoner seeks only monetary damages and if the prison grievance system does not afford such a remedy, the statutory requirement of exhaustion is totally inapplicable (contra in this Circuit, such cases as Perez, 182 F.3d at 537).

5

(see, e.g., Heck v. Humphrey, 512 U.S. 477 (1994)). And such an analysis plainly defeats Mackey's claims in their entirety:

1. In part the sanctions imposed against Mackey, in consequence of which he has advanced his modest claim of nearly $3 million (seeking compensatory damages of $50,000, punitive damages of $100,000 and other monetary damages of $50,000 against each of 14 defendants), included a loss of good-time credits. That being so, the express (and unanimous) teaching of Edwards v. Balisok, 520 U.S. 641 (1997) compels the dismissal of that aspect of his claim as not cognizable under Section 1983.

2. To the extent that Mackey seeks to invoke any of the other sanctions imposed against him as a predicate for relief, Sandin v. Conner, 515 U.S. 472 (1995) comes directly into play. And Sandin operates to defeat any such claim for relief because Mackey has suffered no loss of a liberty interest protected by the Due Process Clause.

Thus the granting of Mackey's Rule 59(e) motion has simply resulted in the identification of a different set of fatal flaws in his lawsuit. This Court reconfirms the dismissal of Mackey's Complaint and this action.

                                                          _____
                                                          Milton I. Shadur
                                                          Senior United States District Judge

Date: September 5, 2000